UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN DOUGLAS HUNTER,

    Plaintiff,

v.

MIKE SOKOLOFF, et al.,

    Defendants.

Case No. 14-cv-05031-JST (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

## INTRODUCTION

On November 14, 2014, plaintiff, a California prisoner incarcerated at San Quentin State Prison (SQSP) and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed in forma pauperis in a separate order. His complaint is now before the Court for review under 28 U.S.C. § 1915A.

## BACKGROUND

Plaintiff claims that SQSP staff used excessive force against him and acted with deliberate indifference to his serious medical needs. Specifically, his complaint alleges the following:

On November 19, 2012, plaintiff arrived at SQSP from Solano State Prison. He was escorted to the Medical Screening Office by defendant Correctional Officer M. Hutalla. At the Medical Screening Office, he entered a room where defendant Registered Nurse Mike Sokoloff was waiting to interview him. Hutalla left the room but sat just outside the door.

1  During the interview, Sokoloff produced a bag of medication that he said was for plaintiff
2  and proceeded to remove three capsules from the bag and place them in a cup near plaintiff for
3  plaintiff to take. Plaintiff says the capsules were Dilantin pills, which he took to prevent seizures.
4  As plaintiff was waiting for some water to take with the capsules, he stated that he would take the
5  Dilantin but not the other medication that Sokoloff had for him. Sokoloff told plaintiff that
6  plaintiff would have to take all the medication that Sokoloff had for him or none of it. Plaintiff
7  responded by again stating that he would only take his seizure medication, and he proceeded to
8  take the cup with the Dilantin capsules and put them in his mouth.

9  Sokoloff then jumped up and started choking plaintiff in an effort to prevent plaintiff from
10  swallowing the pills. Hutalla rushed into the room, and Sokoloff stepped back as Hutalla
11  attempted to choke plaintiff. Hutalla then pried plaintiff's hands open in search of the pills, which
12  at that point plaintiff had already swallowed. As a result of the incident, plaintiff sustained
13  injuries to his neck and lower back.

## DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." Id. at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Legal Claims

   1.   Excessive Force

A prisoner has the right to be free from cruel and unusual punishment, including physical abuse by guards.  Whenever prison officials stand accused of using excessive physical force in violation of the Eighth Amendment, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. Hudson v. McMillian, 503 U.S. 1, 6 (1992) (citing Whitley v. Albers, 475 U.S. 312, 317 (1986)).

Liberally construed, the complaint states an Eighth Amendment excessive force claim against Sokoloff and Hutalla.

   2.   Deliberate Indifference to Serious Medical Needs

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment.  Estelle v. Gamble, 429 U.S. 97, 104 (1976). A "serious medical need" exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992) (citing Estelle, 429 U.S. at 104), overruled in part on other grounds by WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A prison official is "deliberately indifferent" if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Neither negligence nor gross negligence warrant liability under the Eighth Amendment.

1  Id. at 835-36 & n4.  An "official's failure to alleviate a significant risk that he should have

2  perceived but did not, . . . cannot under our cases be condemned as the infliction of punishment."

3  Id. at 838.  Instead, "the official's conduct must have been 'wanton,' which turns not upon its effect

4  on the prisoner, but rather, upon the constraints facing the official."  Frost v. Agnos, 152 F.3d

5  1124, 1128 (9th Cir. 1998) (citing Wilson v. Seiter, 501 U.S. 294, 302-03 (1991)).  Prison officials

6  violate their constitutional obligation only by "intentionally denying or delaying access to medical

7  care."  Estelle, 429 U.S. at 104-05.

8  Plaintiff claims that Sokoloff acted with deliberate indifference to plaintiff's serious

9  medical needs.  Here, the complaint adequately alleges a serious medical need, i.e., plaintiff's

10  seizure condition, but fails to allege that Sokoloff actually failed to treat the condition.  Although

11  plaintiff claims Sokoloff threatened to withhold his seizure medication on November 19, 2012,

12  plaintiff concedes that he took the seizure medication nonetheless.  And nowhere in the complaint

13  does he claim that he was denied the medication at any other point in time or that prison staff

14  failed to treat his condition in any other manner.  Stating that Sokoloff assaulted him, while

15  sufficient to state an excessive force claim, is insufficient to state a deliberate indifference claim.

16  Accordingly, the claim is dismissed with leave to amend.

## CONCLUSION

18  Plaintiff's complaint states a cognizable excessive force claim against SQSP Registered

19  Nurse Mike Sokoloff and SQSP Correctional Officer M. Hutalla.  Leave to amend will be granted

20  so that plaintiff may attempt to cure the pleading deficiencies discussed in relation to his claim for

21  deliberate indifference to serious medical needs against Sokoloff.  The amended complaint must

22  be filed within **twenty-eight (28) days** from the date this order is filed and must include the

23  caption and civil case number used in this order (C 14-5031 JST (PR)) and the words AMENDED

24  COMPLAINT on the first page.  Plaintiff is cautioned that his amended complaint must be a

25  complete statement of his claims and will supersede existing pleadings.  See London v. Coopers &

26  Lybrand, 644 F.2d 811, 814 (9th Cir. 1981) ("a plaintiff waives all causes of action alleged in the

27  original complaint which are not alleged in the amended complaint.")  Therefore, he must repeat

28  his excessive force allegations in the amended complaint if he files an amended complaint.

1  Failure to file the amended complaint by the deadline will result in the dismissal of plaintiff's
2  claim for deliberate indifference to serious medical needs.  If plaintiff does not wish to file an
3  amended complaint, he shall so inform the Court within **twenty-eight (28) days** from the date of
4  this order.

**IT IS SO ORDERED.**

Dated:  February 27, 2015

_____
JON S. TIGAR
United States District Judge