1
2
3
4                  UNITED STATES DISTRICT COURT
5                 NORTHERN DISTRICT OF CALIFORNIA
6
7    JOHN DOUGLAS HUNTER,                Case No.  14-cv-05031-JST (PR)
              Plaintiff,
8
         v.                              **ORDER OF SERVICE**
9
10   MIKE SOKOLOFF, et al.,
              Defendants.
11
12
13                          **INTRODUCTION**
14          On November 14, 2014, plaintiff, a California prisoner incarcerated at San Quentin State
15   Prison (SQSP) and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C.
16   § 1983.  Plaintiff's original complaint was dismissed with leave to amend and he has filed an
17   amended complaint, which is now before the Court for review pursuant to 28 U.S.C. § 1915A.
18                          **BACKGROUND**
19          The amended complaint alleges the following:
20          On or about November 19, 2012, plaintiff arrived at SQSP from Solano State Prison.  He
21   was escorted to the Medical Department by defendant Correctional Officer M. Hutalla.  He
22   entered a screening room where defendant Registered Nurse Mike Sokoloff was waiting to
23   interview him.  Hutalla left the room but sat just outside the door.
24          During the interview, Sokoloff produced a bag of medication that he said was for plaintiff
25   and proceeded to remove three capsules from the bag and place them in a cup near plaintiff for
26   plaintiff to take.  Plaintiff recognized the capsules as Dilantin pills, which he took to prevent
27   seizures.  As plaintiff was waiting for some water to take with the capsules, he stated that he
28   would take the Dilantin but not the other medication that Sokoloff had for him.  Sokoloff told

United States District Court
Northern District of California

1    plaintiff that plaintiff would have to take all the medication that Sokoloff had for him or none of it.

2    Plaintiff took the cup with the Dilantin capsules and put them in his mouth.

3         Sokoloff then jumped up and started choking plaintiff in an effort to prevent plaintiff from

4    swallowing the pills.  Hutalla rushed into the room, and Sokoloff stepped back as Hutalla

5    attempted to choke plaintiff.  Hutalla then pried plaintiff's hands open in search of the pills, which

6    at that point plaintiff had already swallowed.  As a result of the incident, plaintiff sustained

7    injuries to his neck and lower back.

8                                                    **DISCUSSION**

9    A.    Standard of Review

10        A federal court must conduct a preliminary screening in any case in which a prisoner seeks

11   redress from a governmental entity or officer or employee of a governmental entity.  See 28

12   U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any

13   claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek

14   monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1),

15   (2).  Pro se pleadings must, however, be liberally construed.  See Balistreri v. Pacifica Police

16   Dep't., 901 F.2d 696, 699 (9th Cir. 1988).

17        Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

18   claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the

19   statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon

20   which it rests.'"  Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  Although

21   in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's

22   obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and

23   conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .

24   Factual allegations must be enough to raise a right to relief above the speculative level."  Bell

25   Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint

26   must proffer "enough facts to state a claim for relief that is plausible on its face."  Id. at 1974.

27        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

28   (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that

United States District Court
Northern District of California

2

1    the alleged violation was committed by a person acting under the color of state law.  See West v.

2    Atkins, 487 U.S. 42, 48 (1988).

3    B.    Legal Claims

4          1.    Excessive Force

5          The amended complaint completely replaces the prior complaints.  Ferdik v. Bonzelet, 963

6    F.2d 1258, 1262 (9th Cir. 1992).  As in the original complaint, plaintiff alleges in his amended

7    complaint that defendants Sokoloff and Hutalla used excessive force against him.  These

8    allegations were already found sufficient to state a cognizable claim under the Eighth Amendment.

9          2.    Deliberate Indifference to Serious Medical Needs

10          Plaintiff alleged in the original complaint that defendant Sokoloff acted with deliberate

11   indifference to plaintiff's serious medical needs.  It was explained to plaintiff that the complaint

12   did not state such a claim because he failed to allege that Sokoloff failed to treat a serious medical

13   condition.  The claim was dismissed with leave to amend.

14          It does not appear that plaintiff seeks to re-allege his deliberate indifference claim in the

15   amended complaint.  Even assuming he does, however, the claim is dismissed as plaintiff fails to

16   correct the deficiencies in the original complaint.

17          3.    False Disciplinary Report

18          In his amended complaint, plaintiff attempts to add a new claim alleging that, after the

19   November 19, 2012 incident, defendants Sokoloff and Hutalla conspired to issue a false

20   disciplinary report, charging plaintiff with assault.  As a result of these charges, plaintiff alleges

21   that he spent five to six months in "the hole," which the Court understands to mean the Security

22   Housing Unit or some other form of segregated housing.

23          The allegations, even if true, do not raise a constitutional claim because there is no due

24   process right to be free from false disciplinary charges.  "A prisoner has no constitutionally

25   guaranteed immunity from being falsely or wrongly accused of conduct which may result in the

26   deprivation of a protected liberty interest."  Chavira v. Rankin, 2012 WL 5914913, *1 (N.D. Cal.

27   2012) (citing Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989); Freeman v. Rideout, 808

28   F.2d 949, 951 (2d Cir. 1986)).  "As long as a prisoner receives procedural due process during his

United States District Court
Northern District of California

3

disciplinary hearing, a prisoner's allegation of a fabricated prison disciplinary charge fails to state a cognizable claim for relief under § 1983." <u>Harper v. Costa</u>, No. CIVS07-2149LKK DADP, 2009 WL 1684599, at *2 (E.D. Cal. June 16, 2009) (citing <u>Freeman</u>, 808 F.2d at 951; <u>Hanrahan v. Lane</u>, 747 F.2d 1137, 1140–41 (7th Cir.1984)), <u>subsequently aff'd</u>, 393 F. App'x 488 (9th Cir. 2010). Here, plaintiff does not allege that defendants failed to provide him with procedural due process protections. Accordingly, plaintiff's addition of these allegations does not state a cognizable claim for relief.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1.     The amended complaint, liberally construed, states a cognizable Eighth Amendment claim under Section 1983 for excessive force.

2.     The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the amended complaint (Docket No. 7), and a copy of this order upon **Nurse Mike Sokoloff** and **Correctional Officer M. Hutalla** at **San Quentin State Prison**.

The Clerk shall also mail a courtesy copy of the amended complaint and this order to the California Attorney General's Office.

3.     In order to expedite the resolution of this case, the Court orders as follows:

a.     No later than **91 days** from the date this Order is filed, defendants must file and serve a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, defendants must so inform the Court prior to the date the motion is due. A motion for summary judgment also must be accompanied by a <u>Rand</u> notice so that plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion. <u>Woods v. Carey</u>, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in <u>Rand v. Rowland</u>, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies similarly must be accompanied by a <u>Wyatt</u> notice. <u>Stratton v. Buck</u>, 697 F.3d 1004, 1008 (9th Cir. 2012).

1          b.      Plaintiff's opposition to the summary judgment or other dispositive motion

2   must be filed with the Court and served upon defendants no later than **28 days** from the date the

3   motion is filed.  Plaintiff must bear in mind the notice and warning regarding summary judgment

4   provided later in this order as he prepares his opposition to any motion for summary judgment.

5   Plaintiff also must bear in mind the notice and warning regarding motions to dismiss for non-

6   exhaustion provided later in this order as he prepares his opposition to any motion to dismiss.

7          c.      Defendants **shall** file a reply brief no later than **14 days** after the date the

8   opposition is filed.  The motion shall be deemed submitted as of the date the reply brief is due.  No

9   hearing will be held on the motion.

10      4.      Plaintiff is advised that a motion for summary judgment under Rule 56 of the

11  Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must

12  do in order to oppose a motion for summary judgment.  Generally, summary judgment must be

13  granted when there is no genuine issue of material fact – that is, if there is no real dispute about

14  any fact that would affect the result of your case, the party who asked for summary judgment is

15  entitled to judgment as a matter of law, which will end your case.  When a party you are suing

16  makes a motion for summary judgment that is properly supported by declarations (or other sworn

17  testimony), you cannot simply rely on what your complaint says.  Instead, you must set out

18  specific facts in declarations, depositions, answers to interrogatories, or authenticated documents,

19  as provided in Rule 56(c), that contradict the facts shown in the defendants' declarations and

20  documents and show that there is a genuine issue of material fact for trial.  If you do not submit

21  your own evidence in opposition, summary judgment, if appropriate, may be entered against you.

22  If summary judgment is granted, your case will be dismissed and there will be no trial.  Rand v.

23  Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

24      Plaintiff also is advised that a motion to dismiss for failure to exhaust available

25  administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without

26  prejudice.  You must "develop a record" and present it in your opposition in order to dispute any

27  "factual record" presented by defendants in their motion to dismiss.  Wyatt v. Terhune, 315 F.3d

28  1108, 1120 n.14 (9th Cir. 2003).

(The Rand and Wyatt notices above do not excuse defendants' obligation to serve said notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment.  Woods, 684 F.3d at 939).

5.     All communications by plaintiff with the Court must be served on defendants' counsel by mailing a true copy of the document to defendants' counsel.  The Court may disregard any document which a party files but fails to send a copy of to his opponent.  Until a defendants' counsel has been designated, plaintiff may mail a true copy of the document directly to defendants, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

6.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

7.     Plaintiff is responsible for prosecuting this case.  Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

8.     Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

9.     Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

**IT IS SO ORDERED.**

Dated:  August 5, 2015

_____
JON S. TIGAR
United States District Judge

United States District Court
Northern District of California

6