UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| JOHN DOUGLAS HUNTER, | Case No. 14-cv-05031-JST (LB) |
|---|---|
| Plaintiff, | **ORDER (1) GRANTING DURIE TANGRI LLP'S MOTION TO WITHDRAW AS COUNSEL AND (2) DENYING PLAINTIFF'S MOTION TO DENY WITHDRAWAL OF COUNSEL** |
| v. | |
| MIKE SOKOLOFF, | |
| Defendant. | |
| | Re: ECF Nos. 127, 130 |

## INTRODUCTION

Plaintiff John Douglas Hunter, a prisoner currently incarcerated in San Quentin State Prison, brings this civil-rights complaint against defendant Mike Sokoloff, a nurse at the prison, alleging that Mr. Sokoloff subjected him to excessive force.[1] Mr. Hunter is currently represented pro bono by the law firm Durie Tangri LLP.

Durie Tangri now moves to withdraw as Mr. Hunter's counsel due to a breakdown in the attorney-client relationship.[2] Mr. Sokoloff does not oppose Durie Tangri's withdrawal.[3] Mr.

---

[1] Third Amend. Compl. – ECF No. 95. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Durie Tangri Mot. to Withdraw – ECF No. 127.

[3] Def. Statement of Non-Opp'n – ECF No. 129. Mr. Sokoloff passed away on July 19, 2019. Suggestion of Death – ECF No. 142. The California Attorney General's Office has been working to

Hunter opposes withdrawal and filed a separate motion asking the court to deny Durie Tangri's withdrawal unless the court appoints him new pro bono counsel in Durie Tangri's place.[4]

The court held a hearing on October 31, 2019, at which Mr. Hunter (appearing by telephone), Durie Tangri, and Mr. Sokoloff all appeared and participated. (The court conducted part of the hearing under seal solely with Mr. Hunter and Durie Tangri and part of the hearing with Mr. Sokoloff as well.) The court grants Durie Tangri's motion to withdraw and denies Mr. Hunter's motion to deny withdrawal.

**STATEMENT**

The court appointed Durie Tangri to represent Mr. Hunter on a pro bono basis on May 1, 2019.[5] In the course of its representation of Mr. Hunter, Durie Tangri consulted with Mr. Hunter extensively and took multiple depositions and retained an expert at its own expense.[6]

Between July and September 2019, certain disputes arose between Mr. Hunter and Durie Tangri. Among other things, ongoing disputes arose regarding certain motions Mr. Hunter wanted Durie Tangri to file that Durie Tangri believed were not consistent with its obligations under Federal Rule of Civil Procedure 11 and California Rule of Professional Conduct 3.1.[7] On September 6, 2019, Durie Tangri sent Mr. Hunter a letter informing him that — in light of Mr. Hunter's continuing instructions that Durie Tangri file motions that Durie Tangri did not believe it could file under the Federal Rules of Civil Procedure and the California Rules of Professional Conduct and the breakdown in the attorney-client relationship — Durie Tangri would seek leave

---

identify Mr. Sokoloff's successor or representative. *Id.* The court will continue to refer here to "Mr. Sokoloff" for convenience.

[4] Pl. Mot. to Deny Withdrawal – ECF No. 130.

[5] Order Appointing New Pro Bono Counsel – ECF No. 108.

[6] O'Byrne Second Decl. – ECF No. 137-1 at 2 (¶¶ 3–4).

[7] *See* Durie Tangri Mot. to Withdraw – ECF No. 127 at 4; Durie Tangri Opp'n to Pl. Mot. to Deny Withdrawal – ECF No. 4–6.

to withdraw as his counsel.[8] Durie Tangri provided Mr. Hunter with all of the case-related materials he requested.[9]

At the hearing, the court explained to Mr. Hunter that there are legal and ethical rules and obligations that attorneys have to comply with and that, if he is being represented by counsel, he has to be willing to work with his counsel and listen to their legal advice. Mr. Hunter acknowledged the court's explanation and thanked the court for providing it.

## ANALYSIS

### 1. Governing Law

Under Civil Local Rule 11-5(a), "[c]ounsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." The Local Rules further provide that if the client does not consent to the withdrawal and no substitution of counsel is filed, the motion to withdraw will be granted on the condition that all papers from the court and from the opposing party will be served on the current (and withdrawing) counsel to forward to the client until the client appears through new counsel or pro se (if the client is not a corporate defendant). N.D. Cal. Civ. L.R. 11-5(b).

Withdrawal is governed by the California Rules of Professional Conduct. *See Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional Conduct to attorney withdrawal); *j2 Global Commc'ns, Inc. v. Blue Jay, Inc.*, No. C 08-4254 PJH, 2009 WL 464768, at *1 (N.D. Cal. Feb. 24, 2009) (citing *Elan Transdermal Ltd. v. Cygnus Therapeutic Sys.*, 809 F. Supp. 1383, 1387 (N.D. Cal. 1992)). California Rule of Professional Conduct 1.16 sets forth several grounds under which an attorney may request permission to withdraw, including that:

> (1) the client insists upon presenting a claim or defense in litigation, or asserting a position or making a demand in a non-litigation matter, that is not warranted under existing law and cannot be supported by good faith argument for an extension,

---

[8] O'Byrne Second Decl. – ECF No. 137-1 at 3 (¶ 12).
[9] *Id.* (¶ 15).

ORDER – No. 14-cv-05031-JST (LB)  3

modification, or reversal of existing law; (2) the client either seeks to pursue a criminal or fraudulent course of conduct or has used the lawyer's services to advance a course of conduct that the lawyer reasonably believes was a crime or fraud; (3) the client insists that the lawyer pursue a course of conduct that is criminal or fraudulent; (4) the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively; (5) the client breaches a material term of an agreement with, or obligation, to the lawyer relating to the representation, and the lawyer has given the client a reasonable warning after the breach that the lawyer will withdraw unless the client fulfills the agreement or performs the obligation; (6) the client knowingly and freely assents to termination of the representation; (7) the inability to work with co-counsel indicates that the best interests of the client likely will be served by withdrawal; (8) the lawyer's mental or physical condition renders it difficult for the lawyer to carry out the representation effectively; (9) a continuation of the representation is likely to result in a violation of these rules or the State Bar Act; or (10) the lawyer believes in good faith, in a proceeding pending before a tribunal, that the tribunal will find the existence of other good cause for withdrawal.

Before counsel can withdraw, counsel must comply with California Rule of Professional Conduct 1.16(d), which states that counsel must not withdraw from employment until counsel "has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to permit the client to retain other counsel," and returned client materials, property, and unearned or unincurred fees or expenses.

The decision to permit counsel to withdraw is within the sound discretion of the trial court. *See United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009). Courts consider several factors when considering a motion for withdrawal, including (1) the reasons counsel seeks to withdraw, (2) the possible prejudice that withdrawal may cause to other litigants, (3) the harm that withdrawal might cause to the administration of justice, and (4) the extent to which withdrawal will delay resolution of the case. *Forreststream Holdings Ltd. v. Shenkman*, No. 16-cv-01609-LB, 2019 WL 1096797, at *2 (N.D. Cal. Mar. 8, 2019) (citing *Deal v. Countrywide Home Loans*, No. C 09-01643 SBA, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010)).

**2. Application**

Good cause exists for Durie Tangri's withdrawal. The deteriorating attorney-client relationship between Mr. Hunter and Durie Tangri has made it "unreasonably difficult" for Durie Tangri to

1  continue representing Mr. Hunter. Mr. Hunter insists that Durie Tangri present motions in
2  litigation that Durie Tangri does not believe it has a good-faith basis for making and believes are
3  not warranted or supportable under existing law. It appears that a breakdown in the attorney-client
4  relationship has occurred that renders it unreasonably difficult for Durie Tangri to carry out the
5  representation of Mr. Hunter effectively. *Cf., e.g.*, *Pi-Net Int'l, Inc. v. Presidio Bank*, No. 12-cv-
6  04962-TSH, 2018 WL 4521240, at *4 (N.D. Cal. Sept. 19, 2018) (granting counsel's motion to
7  withdraw where plaintiff wanted to press forward with certain arguments against the advice of
8  counsel and where "'[p]laintiff and counsel disagree on how this case should proceed' and 'there
9  are simply fundamental disagreements regarding further pursuit of plaintiff's [] claims that render
10 counsel's further effective representation unreasonably difficult, if not impossible'"); *Max v.*
11 *Hernandez*, No. 04cv1189-L(AJB), 2007 WL 2990086, at *1 (S.D. Cal. Oct. 11, 2007) (granting
12 counsel's motion to withdraw where "[c]ounsel maintains withdrawal is necessitated by a
13 breakdown in the attorney-client relationship due to disagreements regarding the best way to
14 proceed and Plaintiff's unwillingness to follow the counsel's advice"); *Occhionero v. City of*
15 *Fresno*, No. 1:05-cv-1184-AWI-SMS, 2006 WL 3298305, at *2 (E.D. Cal. Nov. 14, 2006)
16 (granting counsel's motion to withdraw where "a breakdown in communication has occurred and
17 . . . affects even the simplest of matters, such as Plaintiff's position on the filing of opposition"
18 and "the conflict or differences concerning the subject of the representation are serious,
19 fundamental, and affect the substance of the action").
20    The court recognizes that Durie Tangri's withdrawal potentially may leave Mr. Hunter without
21 an attorney, as Mr. Hunter may not be able to secure further representation. This alone does not
22 provide grounds for denying Durie Tangri's motion to withdraw in light of the breakdown in the
23 attorney-client relationship. *Cf. Max*, 2007 WL 2990086, at *1 (finding that "counsel became
24 involved in this case upon request from the San Diego Volunteer Lawyers Program, and it is
25 doubtful whether Plaintiff, a state prisoner, will be able to secure further representation" but
26 granting counsel's motion to withdraw and finding that "Plaintiff will not be unduly prejudiced if
27 he has to proceed pro se. Numerous state prisoners represent themselves in section 1983 actions in
28 this court."). The court also recognizes the proximity of the trial date, but courts have permitted

counsel to withdraw in similar circumstances despite the close proximity of trial. *Cf. Anhing Corp. v. Thuan Phong Co. Ltd.*, No. CV 13-05167 BRO (MANx), 2014 WL 12591456, at *1–2 (C.D. Cal. Dec. 2, 2014) (granting counsel's motion to withdraw where the attorney-client relationship had broken down — "[i]ndeed, [client]'s statement that he no longer had confidence in [attorney] compels withdrawal" — despite trial being scheduled to begin less than two months after counsel first moved to withdraw and only two weeks after the court granted the motion to withdraw) (collecting cases). Durie Tangri made good faith attempts to remedy the breakdown in its relationship with Mr. Hunter by explaining why it could not follow his instructions. Durie Tangri also took steps to avoid reasonably foreseeable prejudice to Mr. Hunter's rights by notifying him nearly two months ago that it would not be willing to litigate the matter given Mr. Hunter's instructions, providing him with all of his case-related materials, and giving him time to file a written opposition to its motion. *Cf. Steshenko v. McKay,* No. 09-cv-05543-RS (JSC), 2014 WL 4352086, at *2 (N.D. Cal. Sept. 2, 2014) (finding counsel took reasonable steps to avoid prejudice by properly noticing its motion to withdraw, providing the plaintiff with all case-related material, allowing the plaintiff time to respond to the motion, and noticing a hearing where the plaintiff could be heard).

**CONCLUSION**

The court grants Durie Tangri's motion to withdraw as counsel for Mr. Hunter and denies Mr. Hunter's motion to deny withdrawal.

Because Mr. Hunter will now be proceeding pro se, the court attaches to this order a copy of the district court's handbook *Representing Yourself in Federal Court: A Handbook for Pro Se Litigants*.

Until Mr. Hunter retains replacement counsel or enters an appearance, the court orders Durie Tangri to continue to accept service of all papers from the parties or the court and to promptly

forward them to Mr. Hunter. The court orders Durie Tangri to serve a copy of this order and the handbook on Mr. Hunter and to file a proof of service on the docket.

**IT IS SO ORDERED.**

Dated: October 31, 2019

_____
LAUREL BEELER
United States Magistrate Judge