UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOUGLAS HUNTER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MIKE SOKOLOFF, et al.,<br><br>　　　　Defendants. | Case No. 14-cv-05031-JST<br><br>**ORDER DENYING FURTHER REQUEST FOR APPOINTMENT OF PRO BONO COUNSEL**<br><br>Re: ECF No. 130 |

On May 1, 2019, the Court appointed attorneys from Durie Tangri LLP as pro bono counsel for Plaintiff John Douglas Hunter. ECF No. 108. Several months later, Durie Tangri filed a motion to withdraw as counsel, ECF No. 127, and Hunter filed a "motion requesting the denial of the withdrawal of the law firm Durie Tangri as pro-bono appointments unless the Court substitutes counsel for Plaintiff," ECF No. 130. Both motions were referred to Magistrate Judge Laurel Beeler for resolution. ECF Nos. 128, 131.

Judge Beeler granted Durie Tangri's motion to withdraw and denied Hunter's motion as to Durie Tangri's withdrawal. ECF No. 144. She construed the remainder of Hunter's motion "as a motion for the court to appoint him new pro-bono counsel"; set deadlines for the remaining Defendant, Mike Sokoloff, to respond and for Hunter to file an optional reply; and "remind[ed] the parties that the motion for new counsel will be decided by" this Court.[1] ECF No. 147 at 1-2. Defendant filed a timely opposition to Hunter's request for new counsel. ECF No. 150. The Court granted Hunter's request to extend his reply deadline to December 18, 2019. ECF No. 157.

---

[1] Sokoloff died on July 19, 2019. ECF No. 146 at 1. Defense counsel identified Sokoloff's successor as Daniel Harris and provided his mailing address to Hunter via a November 5, 2019 court filing. *Id.* at 1, 3.

1  Hunter's reply was mailed on December 19, 2019, and filed on December 23, 2019, but it purports
2  to have been signed on December 17, 2019. ECF No. 158 at 7; ECF No. 158-1. The Court will
3  consider Hunter's reply as if it were timely filed.

"Generally, a person has no right to counsel in civil actions. However, a court may under 'exceptional circumstances' appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citations omitted) (affirming district court's decision to deny appointment of counsel, including at trial, to pro se prisoner bringing claims under 42 U.S.C. § 1983). This requires consideration of both the likelihood of success on the merits and the litigant's ability "'to articulate his claims *pro se* in light of the complexity of the legal issues involved.' Neither of these considerations is dispositive and instead must be viewed together." *Id.* (citations omitted).

On the first factor, Hunter has not made a showing that he is likely to succeed on the merits. Although Sokoloff has opted not to file a motion for summary judgment, that indicates only that he does not believe that "there is no genuine dispute as to any material fact and [he] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). This does not mean that Hunter is ultimately likely to prevail on his claim against Sokoloff. Evidence regarding that claim is not before the Court, and the Court can make no determination on the likelihood of Hunter's success at trial.

On the second factor, the legal issues in this case do not appear to be complex. Only one claim remains, and it is relatively straightforward: Hunter alleges that Sokoloff gave him a bag of medication, some of which Hunter did not recognize. ECF No. 95 ¶ 11-12 (third amended complaint). Hunter wanted to take Dilantin, the medication he recognized, but Sokoloff told him he had to take all of the medication or none of it. *Id.* ¶¶ 12-13. When Hunter tried to take the Dilantin, Sokoloff "lunged at Plaintiff and began choking Plaintiff to prevent him from swallowing the pills." *Id.* ¶ 14. As a result "of the excessive physical force used by Defendant Sokoloff against Plaintiff, Plaintiff sustained injuries requiring medical treatment, including but not limited to permanent and debilitating injuries to his neck and back, as well as pain and suffering, including emotional distress." *Id.* ¶ 21. On these facts, Hunter asserts one claim for

relief: an Eighth Amendment excessive force claim under 42 U.S.C. § 1983. *Id.* ¶¶ 24-28. The alleged facts are not complex, nor does Hunter raise complex legal theories.

Moreover, the need for discovery "does not necessarily qualify the issues involved as 'complex'" because "[m]ost actions require development of further facts during litigation and a *pro se* litigant will seldom be in a position to investigate easily the facts necessary to support the case." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (footnote omitted). But where, as here, all discovery has been completed, there is even less justification for appointment of counsel. The Court previously appointed counsel on a limited basis to assist Hunter with his own deposition. ECF Nos. 42, 46. Subsequently appointed counsel assisted Hunter with conducting his own discovery, including obtaining responses to written discovery, taking multiple depositions, and cross-examining Sokoloff at a deposition taken by his own counsel to preserve his testimony. ECF No. 118 at 5-6; ECF No. 137 ¶ 3. The discovery cut-off has now passed, *see* ECF No. 117, and there will be no development of further facts in this case.

Hunter is also able to articulate his remaining claim without representation by counsel. In fact, the reason for Durie Tangri's withdrawal is that Hunter wanted to drive his own litigation strategy. *E.g.*, ECF No. 144 at 5 ("Mr. Hunter insists that Durie Tangri present motions in litigation that Durie Tangri does not believe it has a good-faith basis for making and believes are not warranted or supportable under existing law."). Additionally, Hunter's reply brief demonstrates that he is capable of reviewing deposition testimony, relying on case law, and making arguments based on the Federal Rules of Civil Procedure. *See* ECF No. 158. Further, as Defendant correctly observes, Hunter is an experienced pro se litigant who has represented himself at two criminal trials and in numerous state cases, including appeals, and continues to represent himself in four other federal cases, including one appeal and one case before this Court. ECF No. 150 at 4-5 & nn.2-5 (citing cases).

For all of the above reasons, the Court does not find exceptional circumstances to appoint counsel. Hunter's further request for appointment of pro bono counsel is denied.

Unless and until another attorney enters an appearance on Hunter's behalf, Hunter shall represent himself without an attorney. The Court relieves Durie Tangri of its obligation "to

3

continue to accept service of all papers from the parties or the court and to promptly forward them to Mr. Hunter." ECF No. 144 at 6-7. Following entry of this order, all papers must be served by mail on Hunter directly.

Finally, Hunter is reminded that he must make a motion to substitute Daniel Harris as the successor to Sokoloff, who is now deceased, by February 3, 2020. If he does not do so, he risks dismissal of this action. *See* Fed. R. Civ. P. 25(a)(1) ("If the motion [for substitution] is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed."); ECF No. 146 (suggestion of death, noting Harris as Sokoloff's successor, dated November 5, 2019). If Hunter files such a motion, Defendant's counsel shall serve the motion on Harris and file a proof of service with this Court.

**IT IS SO ORDERED.**

Dated: January 7, 2020

_____
JON S. TIGAR
United States District Judge